IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL THOMAS LANAHAN     *

v.                        * CIVIL ACTION NO. JFM-16-834

THOMAS LEWIS, et al.,     *
                     ******

## MEMORANDUM

On March 10, 2016, petitioner Daniel Thomas Lanahan, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for conspiracy to commit armed robbery and related offenses entered on April 17, 2002, in the Circuit Court for Carroll County in Case No. K-02-28587. ECF No. 1. After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the petition will be denied without prejudice as unexhausted.

The petition is not a model of clarity. Petitioner indicates that he was illegally prosecuted by the State. He indicates that: 1. No armed robbery occurred; 2. there was a problem with the photo array; 3. He could not assist in his own defense; and 4. the victim was not a credible witness. The petition as well as a review of the Maryland Judiciary Case Search[1] reveals that petitioner had neither filed a direct appeal nor instituted state post-conviction proceedings.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez,* 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be

---

[1] http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 428 A.2d 1301, 1305 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-101 *et seq*. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A. 2d 670, 670-71 (1991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State*, 728 A.2d 1280, 1285 (1999). Petitioner has not yet begun, much less completed, appellate or post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.[2]

---

[2] Additionally, under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from

Should he wish to refile this petition once he has exhausted his available state court remedies, Petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

a conviction." *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Petitioner was sentenced to a six year total term of incarceration in 2002. It is unclear from the petition whether petitioner remains in custody under this sentence.

Additionally, petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court. This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.

_____4/15/16_____  
Date

_____/s/ J. Frederick Motz_____  
J. Frederick Motz  
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF ...
2016 APR 15 AM 11:37
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY